343 So.2d 672 (1977)
Sylvester HAYES, Appellant,
v.
STATE of Florida, Appellee.
No. 75-335.
District Court of Appeal of Florida, Second District.
March 16, 1977.
Jack O. Johnson, Public Defender, and Paul J. Martin, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant was charged with aggravated assault while on probation for a prior criminal offense. A probation revocation hearing was held to determine whether the alleged assault constituted a violation of appellant's probation. During the hearing, appellant's counsel moved that a hearing be held to determine appellant's mental competence to stand trial. The court granted the motion for a hearing as to the pending substantive charge, but denied it as to the probation revocation proceedings. Appellant's probation was revoked, and he was sentenced to five years in prison. Appellant appeals the order revoking his probation. We reverse.
It appears from the record that the trial judge was under the impression that there was no authority for him to conduct a competency hearing in a probation revocation proceeding. The common-law rule which has long been recognized in Florida is that "if at any time while criminal proceedings are pending against a person accused of crime, whether before or during or after the trial, the trial court ... has facts brought to its attention which raise a doubt of the sanity of the Defendant, the question should be settled before further steps are taken." Brown v. State, 245 So.2d 68, 70 (Fla. 1971) (emphasis added). Fla.R.Crim.P. 3.210(a) provides for a hearing to determine a defendant's competency at the time of trial if there are reasonable grounds to believe the defendant *673 is insane. The purpose of the common-law rule and the rule of procedure is to insure that all persons who must defend themselves in the criminal arena are mentally capable of assisting in the conduct of that defense. See Deeb v. State, 118 Fla. 88, 158 So. 880 (1935). A probation revocation hearing is, therefore, a criminal proceeding within the purview of the rules, since the defendant's liberty is at stake and his ability to assist in his own defense may be determinative of the outcome of the revocation hearing.
The order revoking appellant's probation is vacated. The case is remanded for a hearing to determine appellant's present competence and for further proceedings consistent with this opinion.
BOARDMAN, C.J., and McNULTY and OTT, JJ., concur.