**STATE ex rel. Randy JUERGENS, Relator**

**v.**

**Honorable Terry CUNDIFF, Judge, Circuit Court, St. Charles County, Respondent.**

**No. 79249.**

Supreme Court of Missouri, En Banc.

Feb. 25, 1997.

Larry A. Bagsby, St. Charles, for relator.

Timothy A. Braun, Prosecuting Attorney, Dennis R. Chassaniol, Asst. Prosecuting Attorney, St. Charles County, St. Charles, for respondent.

ORIGINAL PROCEEDING
IN PROHIBITION

COVINGTON, Judge.

The issue in this case is whether a court may proceed to revoke probation where the probationer lacks capacity to proceed. Relator, Randy Juergens, was on probation when he was charged with involuntary manslaughter. Respondent ordered Juergens' probation suspended and set the matter for a revocation hearing. Juergens was diagnosed as suffering from chronic amnestic disorder. Two psychiatrists concluded that he lacked capacity to stand trial in the involuntary manslaughter matter. Juergens asked for a stay of the probation revocation proceeding. Respondent denied Juergens' request, finding that a probationer need not be "competent" for the court to proceed with a proba-

tion revocation hearing. After petitioning the court of appeals, Juergens instituted this original proceeding in prohibition here, alleging that respondent exceeded his jurisdiction. This Court issued a preliminary writ of prohibition. The writ is made absolute until such time as Juergens is determined fit to proceed.

In May 1994, Juergens pleaded guilty to a charge of driving while suspended. He was sentenced to sixty days in the county jail. The trial court suspended the sentence and placed Juergens on court supervised probation. One condition of Juergens' probation was that he obey all federal and state laws and municipal and county ordinances. In September 1995, the state charged Juergens with involuntary manslaughter. On September 12, 1995, respondent suspended Juergens' probation and set the case for a probation revocation hearing.

■ The issue presented is whether a probationer must have mental fitness to proceed before a probation revocation proceeding can commence. Relator invokes both section 552.020.1, RSMo 1994, and due process requirements. It is unnecessary for this Court to reach the due process issue because section 552.020.1 governs the disposition of this case.

Section 552.020.1 provides that "[n]o person who as a result of mental defect or disease lacks capacity to understand the proceedings against him or to assist in his own defense shall be tried, convicted or sentenced for the commission of an offense so long as the incapacity endures." Although sentencing has been held in other contexts not to include probation, *Gleason v. State*, 851 S.W.2d 51, 53 (Mo.App.1993); *Barnes v. State*, 826 S.W.2d 74, 76 (Mo.App.1992), it would strain credulity to find that the general assembly intended to exclude probation revocation proceedings from the meaning of "sentenced" in section 552.020.1. Section 552.020 provides an orderly procedure not only for determining the mental capacity of the defendant, but, also, for determining when capacity is restored. Section 552.020 allows the court to retain jurisdiction over the probationer and ensures that the probationer receives the treatment and examina-

tions necessary to determine whether and when the probationer obtains capacity to proceed. Section 552.020 confers upon the courts a mechanism to ensure that an unfit probationer will not be able to remain free as a danger to himself or to society.

In addition, the general assembly granted specific rights to probationers in a revocation proceeding. Section 559.036.4, RSMo 1994, provides that "[p]robation shall not be revoked without giving the probationer notice and the opportunity to be heard on the issues of whether he violated a condition of probation, and if he did, whether revocation is warranted under all the circumstances." The general assembly afforded these rights to probationers; therefore, it can hardly be imagined that the general assembly did not intend for probationers to proceed to hearing without having capacity to exercise them. For these reasons, probation revocation hearings are part of sentencing for section 552.020.1 purposes.

■ The question of Juergens' capacity to proceed is not at issue. The reports of two psychiatrists are included in the record in the probation revocation case. In January 1996, Juergens filed a psychiatric report conducted by a forensic psychiatrist who concluded that Juergens did not have the capacity to assist in his defense at the involuntary manslaughter trial. Specifically, the psychiatrist found that Juergens exhibited substantial impairment in four areas: capacity to disclose pertinent facts surrounding the offense; capacity to realistically challenge prosecution witnesses; capacity to testify relevantly; and capacity to appraise likely outcome. Juergens also filed a motion to have himself declared incapable of proceeding and to stay all pending proceedings. The state requested a second psychiatric evaluation of Juergens, which resulted in essentially the same findings as those of Juergens' psychiatrist.

In view of the holding in this case and the evidence of Juergens' lack of capacity to proceed, the preliminary writ must be made absolute until such time as Juergens has been determined to have the capacity to proceed. Juergens is incapable of remembering

the events surrounding the offense. His inability to give a meaningful account of the offense makes him incapable of assisting his attorney in preparing an adequate defense. His ability to process information is slowed; therefore, he would have difficulty assisting his attorney in confronting adverse witnesses. The evidence shows that Juergens is incapable of exercising the rights that are afforded him in a probation revocation hearing.

Respondent is prohibited from conducting further proceedings with respect to probation revocation for so long as Juergens lacks capacity to participate. The preliminary writ is made absolute until such time as Juergens has been determined to have the capacity to proceed. If and when Juergens is determined mentally fit to proceed, the probation revocation proceeding shall be resumed.

All concur.