STATE of Wisconsin EX REL. Mark VANDERBEKE , Plaintiff-Appellant,

v.

Jeffrey ENDICOTT, Warden, Columbia County Correctional Institution, HIs Agents, Employees, or Those Acting By His Direction, Or on His Behalf, Defendants-Respondents.

Supreme Court

*No. 95–0907. Oral argument April 8, 1997.—Decided June 11, 1997.*

(Also reported in 563 N.W.2d 883.)

503

For the plaintiff-appellant there were briefs by *James E. Kachelski* and *Kachelski & Straub*, Milwaukee and oral argument by *James E. Kachelski*.

For the defendants-respondents the cause was argued by *Mary V. Bowman*, assistant attorney general with whom on the brief was *James E. Doyle*, attorney general.

¶ 1. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE. This case is before the court on certification from the court of appeals, Wis. Stat. § (Rule) 809.61 (1995–96), to review an order of the Circuit Court for Columbia County, Lewis W. Charles, Judge. The circuit court quashed the writ of habeas corpus brought by Mark Vanderbeke seeking his release from incarceration following revocation of probation.

¶ 2. Two questions are raised: (1) does a probationer have a due process right to a competency determination when at a probation revocation proceeding the administrative law judge of the division of

hearings and appeals[1] has reason to doubt the probationer's competency; and (2) if a probationer has a due process right to a competency determination during a probation revocation proceeding, what procedures are to be followed and what effect does a determination of incompetency have?[2] Each presents a question of law which we review independently, benefiting from the analyses of the circuit court and the division of hearings and appeals.

¶ 3.   We hold that a probationer has a due process right to a competency determination when during the probation revocation proceeding the administrative law judge has reason to doubt the probationer's compe-

[1] An administrative law judge in the division of hearings and appeals in the department of administration is charged with conducting probation revocation hearings. Wis. Stat. §§ 973.10(2), 301.035; Wis. Admin. Code § HA 2.05 (Aug., 1995). Appeals may be taken to the administrator of the division. Wis. Admin. Code § HA 2.05(9) (Aug., 1995). Hereafter we refer generally to the administrative law judge.

[2] The parties also dispute two other issues in this court: whether there was reason to doubt Vanderbeke's competency and whether Vanderbeke made a knowing and voluntary waiver of his right to counsel at the probation revocation hearing.

The State argues that the record fails to demonstrate reason to doubt competency at the probation revocation hearing. We conclude that the record leaves little question that the administrative law judge had reason to doubt Vanderbeke's competency. If on remand the department of corrections continues to seek revocation, however, the department will have the opportunity to argue whether there is reason to doubt Vanderbeke's competency.

Because we afford Vanderbeke the relief sought on other grounds we need not reach the issue of whether Vanderbeke made a knowing and voluntary waiver of his right to counsel.

tency. Although the statutes do not provide for competency proceedings at a probation revocation proceeding, we fashion a competency procedure to comply with the requirements of due process. We conclude that when an administrative law judge has reason to doubt that a probationer is competent, a competency proceeding should be conducted by the circuit court in the county in which the probationer was sentenced and that the competency proceeding should adhere to Wis. Stat. §§ 971.13 and 971.14 to the extent practicable.

¶ 4.  In this case, we conclude that the record, although limited, reveals that the administrative law judge had reason to doubt Vanderbeke's competency; that because no competency proceeding was conducted, Vanderbeke was denied due process of law; and that the challenge to the probation revocation was properly raised by Vanderbeke in the circuit court by writ of habeas corpus. Accordingly, we reverse the order of the circuit court quashing the writ of habeas corpus and remand the cause to the circuit court with directions to vacate the order of revocation and remand the matter to the division of hearings and appeals for further proceedings not inconsistent with this opinion.

I.

¶ 5.  The facts are not in dispute for purposes of this appeal. The record on appeal is, however, extremely limited.[3]

---

[3] The State suggests that the court dismiss review of this appeal as improvidently granted or remand for issuance of a writ of certiorari and production of a full record. Because the deficiencies in the record do not bear significantly on the legal issues we address, we find it unnecessary to adopt either of the State's suggested approaches.

507

¶ 6. After conviction of possession of cocaine and tetrahydrocannabinol with intent to deliver, Vanderbeke was sentenced in March 1990 to two concurrent ten-year terms. The sentencing court stayed execution of its sentence and Vanderbeke was placed on probation for a period of ten years. In February 1994 Vanderbeke is alleged to have unlawfully entered his parents' home, eaten some food and damaged a door jamb. Vanderbeke claims that he went into the house to find $50 that belonged to him.

¶ 7. Criminal charges were filed. Although an examination to determine Vanderbeke's competency to stand trial pursuant to Wis. Stat. § 971.14 (1991–92) may have been requested by Vanderbeke's counsel, no examination was performed. The State apparently did not prosecute the criminal charges. Instead the department of corrections commenced probation revocation proceedings pursuant to Wis. Stat. § 973.10(2) (1993–94) before an administrative law judge in the division of hearings and appeals of the department of administration.

¶ 8. In Vanderbeke's absence, Vanderbeke's appointed counsel informed the administrative law judge that Vanderbeke had not been able to assist in preparing his defense to the alleged probation violations and that he had discharged counsel more than once. Vanderbeke's counsel also reported that he had sought an order for a psychiatric evaluation of Vanderbeke in the circuit court but had been told by the clerk of court that the circuit court was without jurisdiction. Vanderbeke's counsel objected that holding the probation revocation proceeding prior to a determination of competency would violate Vanderbeke's due process rights.

¶ 9. The administrative law judge, believing he had no authority to commit Vanderbeke or any probationer for a competency evaluation or for treatment or to suspend the revocation proceedings, went forward with the proceedings.

¶ 10. When Vanderbeke was brought into the room, the following exchange took place:

[Vanderbeke's counsel]: Good afternoon, Mr. Vanderbeke.

Mr. Vanderbeke: He's fired, by the way. Okay? And since you do not consider me competent, this proceeding should not proceed at all. I don't know what to do about that.

. . . .

Administrative law judge: Mr. Vanderbeke, is there anything you want to say before we begin with the hearing today?

Mr. Vanderbeke: I am not able to cancel the hearing and not postpone it because I am firing him. I choose to fire him. Period. End of sentence. If Mr. Geske [the probation officer] would like to interject something, I would like that to happen. Other than that, that's fine, sir.

. . . .

Administrative law judge: I want to know if you want to represent yourself in this action?

Mr. Vanderbeke: Oh, no, definitely not. I don't even have the knowledge of the subject to what's going on. I'm mentally ill. I'm schizophrenic. I'm dual diagnosis. You know, I've got—

. . . .

Administrative law judge: Do you wish to hire an attorney to represent you? Do you wish to hire your own attorney?

Mr. Vanderbeke: I'm not sure what I should do. I don't know what my rights are. Nobody—nobody can tell me my rights, you know?

. . . .

Mr. Vanderbeke: What I'm trying to prevent is going up to Dodge and talking to this man if he has—what he has, doesn't he have, has he a program for me. This is really stupid. The program—this is my opinion—I went up there and put my time in one year, get out, charges are dropped in front of the judiciary system, then the court, which were two charges, and a third—could you tell me, Mr. Geske? Do you remember? You know, I was really unresponsive and surprised to see him not react because of—the only thing I could see was a pattern. I come out of prison, I'm a jerk, I'm looking for money, I go to my parents' house, look for my $50 bill in my father—in my mother's drawers, which is from here to the other side of Mr. Geske, which is my $50. And if they want to deny it, or whatever, you know, I had the money. I wasn't—it was not imaginary, you know—

The administrative law judge allowed Vanderbeke to continue with the hearing without counsel. Vanderbeke's former counsel remained in the hearing room as stand-by counsel.

¶ 11. While the administrative law judge believed he had no authority to find reason to doubt Vanderbeke's competency, his order set forth the following findings and conclusions indicating his awareness of Vanderbeke's mental health problems:

The client has had many police contacts for nuisance-related events since being placed on probation. Many of the events stem from recurring mental health problems experienced by the client. On at least two occasions during the last two years he has gone through emergency detention procedures because of unusual behavior and living conditions.. . .In addition, the record amply demonstrates that the client is in need of treatment that can best be provided in a secure institutional setting and that, without appropriate care and treatment, he is dangerous to both himself and others.

¶ 12.   The administrative law judge found that Vanderbeke had violated the conditions of his probation and concluded that as a consequence of Vanderbeke's mental condition "there [were] no reasonable alternatives to revocation of probation." Probation was revoked and Vanderbeke was subject to serving the original ten-year prison term in its entirety. It appears that Vanderbeke has been incarcerated since the events at his parents' home.

¶ 13.   Vanderbeke challenged his incarceration through a writ of habeas corpus and sought an order vacating the revocation of probation. Without expressly ruling on Vanderbeke's due process challenge, the circuit court quashed the writ and denied relief, noting that probation revocation proceedings are neither criminal nor civil and that the central, perhaps sole, issue is whether rehabilitation is best furthered by confinement or continued probation.

## II.

¶ 14.   We first determine whether a probationer has a due process right to a competency determination

when during a probation revocation proceeding the administrative law judge has reason to doubt the probationer's competency.

■

¶ 15. It has long been settled that due process of law prohibits the conviction of an incompetent defendant. *Pate v. Robinson*, 383 U.S. 375, 378 (1966). "[A] person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *Drope v. Missouri*, 420 U.S. 162, 171 (1975). *See also Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam) ("test must be whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him").

■

¶ 16. The standards and constitutional principles of *Drope, Dusky* and *Pate* have been incorporated into Wis. Stat. §§ 971.13 and 971.14. Under these statutes a competency determination must be made when there is reason to doubt a defendant's competency to proceed at trial, conviction or sentencing. These statutes, however, do not apply to a proceeding such as revocation of probation that occurs after sentencing. *State v. Debra A.E.*, 188 Wis. 2d 111, 128 n.14, 523 N.W.2d 727 (1994). We must therefore look to the nature of a probation revocation proceeding to determine whether due process guarantees require that a probationer be competent during a probation revocation proceeding.

¶ 17. While on probation a probationer is in the legal custody of the department of corrections. Wis. Stat. § 973.10(1) (1995–96). A probationer's liberty is conditional. Probation may be revoked after a proceeding at which the division of hearings and appeals determines both that the probationer violated a condition of probation, Wis. Stat. § 973.10(2), and that revocation is appropriate. Wis. Admin. Code § HA 2.05(7)(b)3 (Aug., 1995). The court has said that the ultimate question in a revocation proceeding is whether the interests of community safety and of the probationer's rehabilitation are best served by continued liberty or by incarceration. *State ex rel. Flowers v. Department of Health & Social Services*, 81 Wis. 2d 376, 385, 260 N.W.2d 727 (1978).[4]

¶ 18. The revocation of probation is not, as a constitutional matter, a stage of a criminal prosecution. *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973). Revocation of probation is a civil proceeding in Wisconsin. A probationer is therefore not entitled to the full panoply of rights accorded persons subject to criminal process. It is well settled, however, that a probationer is enti-

---

[4] *State ex rel. Flowers v. Department of Health & Social Services*, 81 Wis. 2d 376, 385, 260 N.W.2d 727 (1978), involved a parolee rather than a probationer. Yet in *Flowers* and other cases the court has considered the due process rights of parolees and probationers to be substantially equivalent. *See State ex rel. Johnson v. Cady*, 50 Wis. 2d 540, 545, 185 N.W.2d 306 (1971). The United States Supreme Court has reached the same conclusion: "Petitioner does not contend that there is any difference relevant to the guarantee of due process between the revocation of parole and the revocation of probation, nor do we perceive one." *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973).

tled to due process of law before probation may be revoked,[5] because probation revocation may entail a substantial loss of liberty. A probationer's liberty "includes many of the core values of unqualified liberty and its termination inflicts a 'grievous loss' on the [probationer] and often on others." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).

¶ 19.   The probation revocation proceeding has two components: (1) determination of the factual issue whether the probationer acted in violation of one or more of the conditions of probation; and (2) if a condition of probation was violated, determination of what action is appropriate to protect society and improve the chances of the probationer's rehabilitation. *Morrissey*, 408 U.S. at 479–80.

¶ 20.   The minimum requirements of due process which the *Morrissey* Court identified, and the *Scarpelli* Court held applicable to probation revocation, include: (1) written notice of the claimed violation(s) of probation; (2) disclosure to the probationer of evidence against him or her; (3) the opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (5) a neutral and detached hearing body, members of which need not be judicial officers or lawyers; and (6) a written statement by the fact finder regarding the evi-

[5] *Scarpelli*, 411 U.S. at 781–82; *Morrissey v. Brewer*, 408 U.S. 471, 481–89 (1972).

dence relied on and the reasons for revoking probation. *Scarpelli*, 411 U.S. at 786; *Morrissey*, 408 U.S. at 489.[6]

¶ 21.   In *State ex rel. Johnson v. Cady*, 50 Wis. 2d 540, 548, 185 N.W.2d 306 (1971), decided prior to *Morrissey*, the Wisconsin supreme court held that probation cannot be revoked unless the probationer has been provided "a reasonable opportunity to explain away the accusation that he had violated the conditions of his probation or parole."[7]

¶ 22.   The question then arises whether a probation revocation proceeding can satisfy these minimum standards of due process when an administrative law judge has reason to doubt a probationer's competency. Notice and hearing are meaningless guaranties to a probationer who is incompetent and as such unable to understand the notice of the claimed violations of probation, the evidence against him or her, or the written statement by the fact finder as to the evidence relied on and the reasons for revoking probation. Nor can an incompetent probationer present witnesses and documentary evidence, confront and cross-examine adverse witnesses, dispute the accusation of violation of the conditions of probation, explain mitigating factors, or argue the appropriateness of revocation.

---

[6] The regulations of the division of hearings and appeals enumerate *Morrissey* rights and others. Wis. Admin. Code § HA 2.05(3) (Aug., 1995).

Because probation revocation is not a criminal proceeding there is no Sixth Amendment right to counsel, although counsel must be provided under certain circumstances.

[7] The United States Supreme Court has also held that due process of law requires an express finding that a condition of probation has been violated before probation may be revoked. *Douglas v. Buder*, 412 U.S. 430, 432 (1973) (per curiam).

¶ 23. The core of the process due at a probation revocation proceeding, the opportunity for a meaningful hearing on the facts of the alleged violation and the appropriate disposition of the probationer, is not available to an incompetent probationer.

¶ 24. Accordingly we conclude that when an administrative law judge during a probation revocation proceeding has reason to doubt that a probationer is competent,[8] the revocation proceeding is to be stayed until a determination of competency is made. Unless it is determined under these circumstances that a probationer is competent to continue with a revocation proceeding, the revocation proceeding violates the minimum standards of due process of law.

¶ 25. This conclusion is consistent with the majority of courts in other jurisdictions which have addressed the question.[9] A Michigan court has held

[8] Competency is a contextualized concept; the meaning of competency in the context of legal proceedings changes according to the purpose for which the competency determination is made. Whether a person is competent depends on the mental capacity that the task at issue requires. *State v. Debra A.E.*, 188 Wis. 2d 111, 124–25, 523 N.W.2d 727 (1994). A probationer should have, for example, the mental capacity to understand the proceedings and act or assist in his or her own defense, should be able to develop a factual basis for challenging the alleged ground for revocation, and should be able to evaluate and recommend proposed alternative dispositions.

[9] *State v. Qualls*, 552 N.E.2d 957, 960 (Ohio Ct. App. 1988); *People v. Davis*, 468 N.E.2d 172, 180 (Ill. App. Ct. 1984); *People v. Martin*, 232 N.W.2d 191, 194 (Mich. Ct. App. 1975).

*Cf. People ex rel. Newcomb v. Metz*, 409 N.Y.S.2d 554, 556–57 (N.Y. App. Div. 1978) (due process requires consideration of competency but determination of competency is not condition precedent to revocation); *Pierce v. Department of Social & Health Services*, 646 P.2d 1382, 1385 (Wash. 1982)

that the rationale of *Pate* applies to any proceeding in which there is a risk of loss of liberty, regardless of whether the statutes so provide. *People v. Martin*, 232 N.W.2d 191, 194 (Mich. Ct. App. 1975). The court explained: "[T]he hearing must be conducted in a meaningful way. It would be fundamentally unfair to require a revocation hearing and then not ensure the safeguard that defendant understands the nature and object of the proceedings against him and that he is able to assist in his defense in a rational way." *Martin*, 232 N.W.2d at 194 (citing *Dusky*, 362 U.S. 402).

¶ 26. We are persuaded by this reasoning and we adopted similar reasoning in *Debra A.E.*, 188 Wis. 2d 111. In *Debra A.E.* the court determined that although Wis. Stat. § 971.14 governing competency proceedings does not apply to a postconviction relief proceeding, a circuit court should determine a defendant's competency in such a proceeding when it has reason to doubt that the defendant is able to assist counsel or to make decisions committed by law to the defendant with a reasonable degree of rational understanding. The *Debra A.E.* court reasoned that the meaningful exercise of rights by persons seeking postconviction relief requires that the courts consider the competency of the individual.

---

(due process requires that parolee who has been found to have violated condition of parole must have opportunity to challenge competency before court decides whether to revoke parole in light of the violation).

Other courts have found a statutory or common law right to a competency determination at a probation revocation hearing. *Hayes v. State*, 343 So. 2d 672, 672–73 (Fla. Dist. Ct. App. 1977); *State ex rel. Juergens v. Cundiff*, 939 S.W.2d 381 (Mo. 1997); *State v. Singleton*, 472 S.E.2d 640, 641 (S.C. Ct. App. 1996); *Casey v. State*, 924 S.W.2d 946, 948–49 (Tex. Crim. App. 1996).

¶ 27. For the reasons set forth, we conclude that the guarantee of due process of law requires that a probationer be afforded a competency proceeding when an administrative law judge has reason to doubt the probationer's competency during a probation revocation proceeding.

### III.

¶ 28. In Wisconsin an administrative agency rather than the circuit court conducts probation revocation proceedings.[10] We must now determine the appropriate roles of the administrative law judge and the circuit court when, as in this case, an administrative law judge has reason to doubt a probationer's competency during a probation revocation proceeding.

¶ 29. Neither an administrative law judge nor an administrator in the division of hearings and appeals has statutory authority to order a competency determination. The statutes set forth a detailed procedure for a circuit court to follow in assessing competency in court proceedings in criminal matters, but this procedure does not, by its terms, apply to probation revocation proceedings.

---

[10] Wisconsin appears to be the only jurisdiction in which probation revocation hearings are entrusted to the executive branch rather than the judiciary. *See State v. Arispe*, No. 94 CM 398 (Circuit Court for Kenosha County, Feb 28, 1997), unpublished order at 9–10, 1997 Westlaw 153838 (citing statutes of 49 states, the District of Columbia and the United States). In *Arispe* the circuit court ruled that Wis. Stat. § 973.10(2) violates Wis. Const. Art VII, § 2 in that it grants authority to the executive branch to lift a stay of sentence ordered by the judicial branch. We intend no comment on the correctness of the circuit court's ruling.

¶ 30. Because we conclude that the constitutional guarantee of due process of law requires the state to provide competency proceedings for persons who are the subjects of probation revocation proceedings, we must craft a procedure to afford probationers their constitutional rights. The procedure must balance a probationer's due process rights at a probation revocation proceeding and the legitimate interests of the state, including the safety of the public.

¶ 31. As a first step, the administrative law judge must determine whether there is reason to doubt the probationer's competency. Reason to doubt that a probationer is competent may arise at any time during a probation revocation proceeding and may be raised by a probationer, the probationer's counsel, the department of corrections or the administrative law judge. No formal motion is necessary.

¶ 32. When reason to doubt that a probationer is competent arises, the administrative law judge should apply the standard developed in cases concerning reason to doubt competency to stand trial. Thus, the administrative law judge must determine whether there are facts giving rise to doubt about the probationer's competency. *State v. McKnight*, 65 Wis. 2d 582, 594–96, 223 N.W.2d 550 (1974). As the United States Supreme Court has made clear, there are "no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed; the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated." *Drope*, 420 U.S. at 180. The Court further advised:

> [E]vidence of a defendant's irrational behavior, his demeanor. . .and any prior medical opinion on competence. . .are all relevant in determining whether

further inquiry is required, but. . .even one of these factors standing alone may, in some circumstances, be sufficient.

*Id.*

¶ 33. If the administrative law judge determines that there is no reason to doubt the probationer's competency the revocation proceeding may continue. If the administrative law judge determines that there is reason to doubt the probationer's competency the revocation proceeding and all applicable time limits are stayed and a competency proceeding held. The probationer should continue in physical custody (if he or she is in physical custody) to the extent consistent with Wis. Stat. § 971.14.

¶ 34. Because an administrative law judge, unlike a circuit court, has no statutory power to conduct competency proceedings and has no experience conducting such proceedings, we conclude that a circuit court should conduct competency proceedings for probationers who are the subjects of probation revocation proceedings. The appropriate circuit court to conduct the competency proceeding will ordinarily be the circuit court in the county in which the probationer was sentenced.

¶ 35. To initiate the competency proceeding the administrative law judge shall promptly forward a written request for a competency determination to the appropriate circuit court, along with a copy of the papers on file in the revocation proceeding and the administrative law judge's written statement explaining the grounds for finding reason to doubt the probationer's competency. The administrative law

judge should act expeditiously, consistent with the intent of Wis. Stat. § 971.14.

¶ 36. The circuit court shall proceed to determine competency, adhering to Wis. Stat. §§ 971.13 and 971.14 to the extent practicable. Section 971.14 sets forth in detail the procedures for circuit courts to follow when there is reason to doubt a defendant's competency to proceed at trial, conviction or sentencing. The statute provides for the appointment of experts to examine a defendant, the authority of the circuit court to commit an incompetent defendant, the process for resuming the criminal proceeding when a defendant regains competence, and the procedure for initiating civil commitment when a defendant is found unlikely to become competent within 12 months. A circuit court shall adapt Wis. Stat. § 971.14 to the extent practicable to fit a determination of competency to proceed with a probation revocation proceeding.

¶ 37. In keeping with the requirements of due process, we have concluded that a competency proceeding shall be held for a probationer when during a probation revocation proceeding there is reason to doubt the probationer's competency. We have further provided a procedure for conducting such hearings. The State's brief correctly notes that special problems may arise when a probationer is detoured into a competency proceeding. Such problems include whether inpatient evaluation should be conducted in the Wisconsin Resource Center, an institution of the department of corrections, or in a civil facility, and what entity should pay for the various costs incurred. We cannot attempt to provide responses to the questions the State raises, nor can we foresee the variety of other questions that may arise. These questions will

have to be addressed as they arise, either by the entities involved or by the courts.

## IV.

¶ 38. We now turn to the proper procedure for seeking judicial review of revocation of probation. The legislature has exempted probation revocation proceedings from the procedural requirements of Wis. Stat. ch. 227, the administrative procedure act. Wis. Stat. § 227.03(4) (1995–96).

¶ 39. Vanderbeke sought review of the division's order by means of a writ of habeas corpus. The State suggests that certiorari may be the more appropriate procedure, principally because certiorari review requires a more complete record.

¶ 40. The court has stated that in the absence of statutory provisions for judicial review of a revocation of probation, the "right of review of a revocation hearing is by certiorari directed to the court of conviction." *Cady*, 50 Wis. 2d at 549–50. The court of appeals has held, however, that habeas corpus review of a probation revocation is available in circumstances in which certiorari is not available, *State ex rel. McMillian v. Dickey*, 132 Wis. 2d 266, 278–79, 392 N.W.2d 453 (Ct. App. 1986), and that habeas rather than certiorari is the appropriate procedure for an allegation of ineffective assistance of counsel at a probation revocation proceeding when additional evidence is needed. *State v. Ramey*, 121 Wis. 2d 177, 181–82, 359 N.W.2d 177 (Ct. App. 1984).

¶ 41. On the basis of these cases, we hold that habeas corpus was a proper method for Vanderbeke to use in challenging his probation revocation on the grounds of violation of due process because of incompe-

tency and lack of counsel. Recognizing the State's concern for an adequate record on review, we caution that the parties are responsible for providing the courts with an adequate record so that the review is expeditious and accurate.

¶ 42.  In sum, we conclude: (1) that a probationer has a due process right to a competency determination when during the probation revocation proceeding the administrative law judge has reason to doubt the probationer's competency; (2) that when the administrative law judge has reason to doubt the probationer's competency, a competency determination should be made by the circuit court in the county in which the probationer was sentenced and the competency proceeding should adhere to Wis. Stat. §§ 971.13 and 971.14 to the extent practicable; and (3) that judicial review of revocation of probation in this case may be by habeas corpus.

¶ 43.  Accordingly, we reverse the order of the circuit court quashing the writ of habeas corpus and remand the cause to the circuit court with directions to vacate the order of revocation and remand the matter to the division of hearings and appeals for further proceedings not inconsistent with this opinion.

*By the Court.*—The order quashing the writ of habeas corpus is reversed and the cause remanded.