Daniel D. DROW, Petitioner-Appellant,

v.

David H. SCHWARTZ and Division of Hearings and Appeals, State of Wisconsin, Respondents-Respondents.†

Court of Appeals

*No. 97–1867. Submitted on briefs March 30, 1998.—Decided May 19, 1998.*

(Also reported in 583 N.W.2d 655.)

†Petition to review granted.

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Daniel D. Drow, pro se*, of Green Bay.

On behalf of the respondents-respondents, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Pamela Magee*, assistant attorney general, of Madison.

Before Cane, P.J., Myse and Hoover, JJ.

HOOVER, J. Daniel Drow appeals an order revoking his probation. Drow contends the circuit court that conducted a certiorari review of his revocation lacked personal jurisdiction because it was not the court of conviction. We agree and therefore reverse and remand.[1]

Drow pled no contest to one count of second-degree sexual assault of a child, one count of exposing a child to harmful materials, and two counts of felony bail jumping. The court withheld sentence and placed Drow on probation for ten years on the sexual assault charge, six years on the exposing charge and nine years on the bail jumping charges, concurrently.

Drow was required to participate in sex offender treatment as a condition of probation. He participated in several different series of treatments, but was terminated because of disruptive behavior and failure to

---

[1] Drow also raises numerous constitutional arguments. Because we conclude that he was not sentenced in the court of conviction, we do not have jurisdiction to address these arguments. Our inability to review the merits should not, however, be deemed a suggestion that there are any.

participate appropriately. Ultimately, the probation department undertook revocation proceedings. After a hearing, Drow's probation was revoked and he was imprisoned pursuant to the sentence. The revocation decision was affirmed by administrative appeal, and Drow filed a petition for a writ of certiorari to challenge the revocation. A hearing was held in circuit court, and the court affirmed the revocation. Drow appeals that order.

Drow contends that his petition for writ of certiorari was not heard in the court of conviction. In support, he cites *State ex rel. Johnson v. Cady*, 50 Wis. 2d 540, 550, 185 N.W.2d 306, 311 (1971). The *Johnson* court concluded that the legislature provided probationers and parolees a right to a revocation hearing, and that judicial review of that hearing is to be "directed to the court of conviction." *Id.* at 549–50, 185 N.W.2d at 311. Drow contends that the court lacked jurisdiction to sentence him because his writ was heard in a different branch from that in which he was convicted.

██

This case involves the application of law to undisputed facts. It therefore presents a question of law reviewed de novo. *Ball v. District No. 4, Area Bd.*, 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984). The State contends that *Johnson's* requirement is satisfied if the petition is heard by any circuit court sitting in the county of conviction. We disagree. We interpret "court of conviction" to mean precisely what it simply provides. *Johnson* requires a probationer or parolee who has been revoked to have his or her petition reviewed in the same branch of circuit court in which he or she

was convicted.[2] In establishing a scheme, the supreme court could have provided that judicial review could be in a circuit court in the county of conviction without effecting a substantive difference. However, its directive is clear, and this court is bound by the decisions of the supreme court. *State v. Irish*, 210 Wis. 2d 107, 109 n.2, 565 N.W.2d 161, 162 n.21 (Ct. App. 1997). Moreover, we can perceive no prejudice to the State by requiring review in the same court in which the revokee was convicted.

■

Drow had a right to review of his revocation in the court of conviction, and we therefore reverse and remand for consideration of his petition by the court of conviction.

*By the Court.*—Order reversed and cause remanded.

---

[2] We do not suggest that *State ex rel. Johnson v. Cady*, 50 Wis. 2d 540, 185 N.W.2d 306 (1971), requires that the same judge must hear the writ.