Daniel D. DROW, Petitioner-Appellant,†

v.

David H. SCHWARZ and Division of Hearings and Appeals, State of Wisconsin, Respondents-Respondents-Petitioners.

Supreme Court

*No. 97–1867. Oral argument March 4, 1999.—Decided May 5, 1999.*

(Also reported in 592 N.W.2d 623.)

†Motion for reconsideration denied June 25, 1999. See court order issued June 25, 1999, 226 Wis. 2d 826.

For the respondents-respondents-petitioners the cause was argued by *Pamela Magee*, assistant attorney general, with whom on the briefs was *James E. Doyle*, attorney general.

For the petitioner-appellant there was a brief by *Amy K. McDavid* and *Frank J. Remington Center*, University of WI Law School, Madison and oral argument by *Amy K. McDavid*.

¶ 1.  SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE.  This is a review of a published decision of the court of appeals, *Drow v. Schwartz*, 220 Wis. 2d 415, 583 N.W.2d 655 (Ct. App. 1998), which reversed an order of the Circuit Court for Marathon County, Vincent K. Howard, Judge. The circuit court order denied Daniel D. Drow's petition for a writ of certiorari to review revocation of his probation.

¶ 2.  Relying on *State ex. rel Johnson v. Cady*, 50 Wis. 2d 540, 550, 185 N.W.2d 360 (1971), which concluded that "petitioner's right of review of a revocation hearing is by certiorari to the court of conviction," the court of appeals held that "court of conviction," means "the same branch of the circuit court in which he was convicted" rather than in a branch of the "circuit court in the county of conviction."[1] Because Drow was convicted in Branch 2 of the Circuit Court for Marathon County, the court of appeals held that Branch 3 of the Circuit Court for Marathon County had no jurisdiction to review Drow's certiorari petition.

---

[1] The court of appeals did not suggest that *State ex. rel Johnson v. Cady*, 50 Wis. 2d 540, 550, 185 N.W.2d 360 (1971), requires that the judge who presided at the conviction proceeding need be the same judge who hears the certiorari proceeding.

¶ 3. The only issue presented for our review is whether a certiorari proceeding to review a probation revocation must be heard by the same branch of the circuit court in the county in which the probationer was convicted of the offense for which he was on probation. We hold that a certiorari proceeding to review a probation revocation need not be heard by the same branch of the circuit court in the county in which the probationer was convicted of the offense for which he was on probation; a certiorari proceeding to review a probation revocation may be heard in any branch of the circuit court in the county in which the probationer was last convicted of an offense for which he or she was on probation. *See* Wis. Stat. § 801.50(5) (1997–98).[2] Accordingly, we reverse the decision of the court of appeals.

¶ 4. The facts necessary to this review are undisputed. On October 8, 1993, Daniel D. Drow entered pleas of no contest to charges of sexual assault of a child in the second degree in violation of Wis. Stat. § 948.02(2) (1991–92), exposing a child to harmful materials in violation of Wis. Stat. § 948.11(2)(a) (1991–92) and two counts of bail jumping in violation of Wis. Stat. § 946.49(1)(b) (1991–92). Branch 2 of the Circuit Court for Marathon County withheld Drow's sentence and ordered 25 years of supervised probation. Branch 2 of the Circuit Court for Marathon County imposed the requirement that Drow participate in a sex offender treatment program as one of the conditions of probation. On March 20, 1996, the Department of Corrections charged Drow with violating this condition of probation. After a hearing by the Division of

---

[2] All subsequent references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

Hearings and Appeals, Drow's probation was revoked. Subsequently, Drow filed a petition for a writ of certiorari with the Circuit Court for Marathon County, the county in which he was convicted of the offense for which he was on probation, seeking judicial review of his probation revocation. The certiorari review was assigned to Branch 3 of the Circuit Court for Marathon County.

¶ 5. The issue presented is whether a certiorari proceeding to review a probation revocation must be heard by the same branch of circuit court in the county in which the probationer was convicted of the offense for which he was on probation. This court decides this question of law independent of the circuit court and court of appeals, benefiting from their analyses.

¶ 6. We begin by examining the statutory powers of each branch of a circuit court in a county and the statutory venue provision for review of probation revocation. Wisconsin Stat. § 753.061(1) states that "[e]ach branch constitutes a circuit court with all the powers and jurisdiction possessed by circuit courts in circuits having one judge only." Drow argues that this statute means that all references to "circuit court" are to be interpreted as meaning a "branch of a circuit court." Section 753.061(1) simply provides no support for such an interpretation. We read § 753.061(1) as stating that each branch of a circuit court is endowed with the full powers of a circuit court and that each branch of a circuit court has the same powers as every other branch of the circuit court. Thus, any branch of the Circuit Court for Marathon County has the power to review a probation revocation.

¶ 7. The only statutory provision referring to the venue of probation revocation proceedings is Wis. Stat. § 801.50(5) providing that "venue of an action to review

365

a probation. . .revocation. . .shall be the county in which the relator was last convicted of an offense for which the relator was on probation. . . ."[3] This provision mandates, for example, that the venue of a certiorari review of a probation revocation is the county in which the probationer was convicted of the offense for which he or she was on probation; the provision does not require that certiorari review of a probation revocation be conducted by any particular branch of the circuit court in the county of conviction.[4] Thus this statute establishes that in the present case, venue is in the Circuit Court for Marathon County, not in any particular branch of the Circuit Court for Marathon County.

¶ 8. Examining only Wis. Stat. §§ 753.061 and 801.50(5) would lead us to conclude that any branch of the Circuit Court for Marathon County could hear Drow's certiorari petition for review of probation revocation.

¶ 9. The court of appeals, however, looked beyond these statutes to *Johnson*, a 1971 case, which it reads as requiring that a petition to review probation revocation is to be heard "in the same branch of circuit

---

[3] Wis. Stat. § 801.02(5) provides:

> Venue of an action to review a probation or parole revocation or a refusal of parole by certiorari shall be the county in which the relator was last convicted of an offense for which the relator was on probation or parole or for which the relator is currently incarcerated.

[4] The administrative agency has interpreted the statute similarly. The form letter sent to Drow from the Division of Hearings and Appeals along with a copy of its decision set forth the following procedure for seeking judicial review:

> Judicial review of a revocation decision may be obtained by Writ of Certiorari in the county in which you were last convicted of an offense for which you were on supervision. See sec. 801.50(5).

366

court in which the petitioner was convicted." *Drow*, 220 Wis. 2d at 417–18.

¶ 10. We do not read *Johnson* in this manner. The issue presented in *Johnson* was whether a probationer had a right to a hearing at the administrative agency before probation was revoked. The *Johnson* court concluded that a probationer had the right to an administrative hearing and further concluded that it is "well established in this state that where there are no statutory provisions for judicial review, the action of a board or commission may be reviewed by way of certiorari." *Johnson*, 50 Wis. 2d at 550. The *Johnson* court went on to hold that judicial review of probation revocation was "by certiorari directed to the *court of conviction*." *Johnson*, 50 Wis. 2d at 550 (emphasis added). Reading the words "court of conviction" to mean the branch of the circuit court in the county in which the probationer was convicted of the offense for which he or she was on probation, as the court of appeals did, is not supported by *Johnson* because *Johnson* makes no mention of a branch of circuit court.

¶ 11. We conclude that *Johnson* should be read with § 801.50(5) to mean that certiorari review is to be directed to a circuit court in the county of conviction of the offense for which he was on probation. In *Bartus v. Wisconsin DHSS*, 176 Wis. 2d 1063, 1079, 501 N.W.2d 419 (1993), this court cited both the venue provision of Wis. Stat. § 801.50(5) and *Johnson*, stating the following rule: "A probationer whose term has been revoked may seek review of the Administrator's determination by certiorari in the county in which the probationer was convicted of the offense for which the now revoked probation was imposed." In other words, we view *Johnson*'s phrase "court of conviction" as being the same as

the statutory phrase "county of conviction" in the context of the judicial review of a probation revocation.

¶ 12.   We therefore hold that the phrase "court of conviction" as used in *Johnson* does not refer to the exact branch in the county in which the probationer was convicted of the offense for which he was on probation, but instead refers more generally to the circuit court in the county in which the probationer was convicted of the offense for which he was on probation.

¶ 13.   Drow advances two reasons to support his thesis that the same branch of the Circuit Court for Marathon County in which he was convicted and placed on probation should also review the revocation of his probation. First, he argues that allowing review by a different branch deprives the sentencing branch of the opportunity to ensure that its intentions in imposing the relevant conditions of probation were followed. Second, Drow contends that the sentencing branch is in the best position to determine whether the violation of probation found by the department was reasonably supported by the evidence.

¶ 14.   Both arguments are based on a misconception of the scope of certiorari review. The well-settled rule in Wisconsin is that on review by certiorari, the reviewing court examines the record of the administrative agency and is limited to determining: (1) whether the board kept within its jurisdiction, (2) whether the board acted according to law, (3) whether the board's action was arbitrary, oppressive or unreasonable and represented its will and not its judgment, and (4) whether the evidence was such that the board might reasonably make the order or determination in question. *State v. Goulette*, 65 Wis. 2d 207, 215, 222 N.W.2d

622 (1974).[5] Because of the limited judicial review based on the administrative record, the branch of the circuit court that imposed sentence has no greater expertise in a certiorari proceeding than any other branch of the circuit court for that county.

¶ 15. Finally, Drow claims that he is entitled to certiorari review by Branch 2 of the Circuit Court for Marathon County under Rule 1.12 of the Marathon County Circuit Court Rules. Rule 1.12 provides that writs "are to be assigned to the designated Intake Court" except that "certiorari in criminal matters [are] to be heard by the sentencing court."[6] We agree with the State that this rule is ambiguous. A probation revocation proceeding "is a civil proceeding in Wisconsin" and "not, as a constitutional matter, a stage of criminal prosecution."[7] Thus the certiorari proceeding in the present case does not unambiguously fall within Rule 1.12. Even assuming that Rule 1.12 requires that Drow's certiorari petition be assigned to the branch of circuit court in which Drow was convicted of the offense for which he was on probation, violation of a local administrative rule of the Circuit Court for Marathon County regarding assignment of cases to the branches would not ordinarily render the proceedings null and void.

---

[5] *See also Coleman v. Percy*, 96 Wis. 2d 578, 588, 292 N.W.2d 615 (1980); *Van Ermen v. Wisconsin DHSS*, 84 Wis. 2d 57, 63, 267 N.W.2d 17 (1978); *Snajder v. State*, 74 Wis. 2d 303, 310, 246 N.W.2d 665 (1976); *Von Arx v. Schwartz*, 185 Wis. 2d 645, 655–56, 517 N.W.2d 540, 544 (Ct. App. 1994).

[6] Wisconsin Circuit Court Rules, Marathon County Rules 2 (Wis. Jury Verdict, Inc. 1999).

[7] *State ex rel. Vanderbeke v. Endicott*, 210 Wis. 2d 502, 513, 563 N.W.2d 883 (1997).

¶ 16.   Our holding does not restrict circuit courts from developing and implementing local rules relating to the assignment of certiorari petitions for review of probation revocations as long as the rules are consistent with law and this court's rules of judicial administration. *See* SCR 70.34. We merely hold that certiorari review of probation revocations need not be conducted by the same branch of circuit court in the county in which the probationer was convicted of the offense for which he or she was on probation.

¶ 17.   In sum, we hold that a certiorari proceeding to review a probation revocation need not be heard by the same branch of circuit court in the county in which the probationer was convicted of the offense for which he or she was on probation; a certiorari proceeding to review a probation revocation may be heard in any branch of the circuit court in the county in which the probationer was last convicted of an offense for which he or she was on probation. *See* Wis. Stat. § 801.50(5). Accordingly we reverse the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is reversed.