STATE of Wisconsin, EX REL. Robert GAREL, Petitioner-Appellant,

v.

Kenneth MORGAN, Respondent-Respondent.

Court of Appeals

*No. 99–1642. Submitted on briefs August 15, 2000.—Decided September 6, 2000.*

## 2000 WI App 223

(Also reported in 619 N.W.2d 285.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Robert Garel,* pro se.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Karla Z. Keckhaver,* assistant attorney general, and *James E. Doyle,* attorney general.

Before Nettesheim, Anderson and Snyder, JJ.

9

¶ 1.  SNYDER, J.  Robert Garel appeals from an order of the circuit court dismissing his amended petition for writ of habeas corpus and ordering the Department of Corrections to extend his mandatory release date by 180 days as a sanction for providing false information to the court pursuant to WIS. STAT. § 807.15(2)(c) (1997–98).[1] We conclude that § 807.15 does not apply to Garel, and we therefore reverse the order of the circuit court.[2]

## FACTS

¶ 2.  This case has a lengthy and complex history, which this court will attempt to succinctly summarize. On December 8, 1995, Dane County Circuit Court Judge Mark Frankel denied Garel's request for certiorari review of his probation and parole revocations in two consolidated cases. On August 21, 1997, this court affirmed the circuit court's decision, and on November 20, 1997, the Wisconsin Supreme Court denied Garel's petition for review.

¶ 3.  Garel then filed a motion to vacate Judge Frankel's December 8, 1995 order on the grounds that the decision violated the mandates of *Drow v. Schwarz*, 220 Wis. 2d 415, 583 N.W.2d 655 (Ct. App. 1998).[3] On

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version.

[2] This decision addresses only the extension of Garel's mandatory release date as a sanction pursuant to WIS. STAT. § 807.15, and not the court's dismissal of the petition itself. The only issues briefed by either party address the court's extension of Garel's mandatory release date. "On appeal, issues raised but not briefed or argued are deemed abandoned." *State v. Ledger*, 175 Wis. 2d 116, 135, 499 N.W.2d 198 (Ct. App. 1993).

[3] While *Drow v. Schwarz*, 220 Wis. 2d 415, 583 N.W.2d 655 (Ct. App. 1998), was good law at the time Garel filed this

10

October 8, 1998, Judge Frankel granted Garel's motion to vacate and transferred the case to Judge Daniel Moeser, the court of conviction, pursuant to *Drow*. *See id.* On December 7, 1998, Judge Moeser concluded that Judge Frankel correctly decided Garel's petitions for certiorari review. Judge Moeser then entered Judge Frankel's decision nunc pro tunc to December 7, 1998.

¶ 4.   On December 16, 1998, Garel filed a motion to reopen and/or vacate Judge Moeser's December 7, 1998 decision. Judge Moeser denied this motion and Garel missed the deadline for appeal.

¶ 5.   During this same period, Garel also commenced a civil rights damage suit in Dane county circuit court alleging transgressions similar to those Judge Frankel had rejected. On August 17, 1998, Dane County Circuit Court Judge Sarah B. O'Brien dismissed the case because Judge Frankel's decision was preclusive. In October 1998, Garel moved to reopen this case based upon the vacation of Judge Frankel's December 8, 1995 order and subsequent transfer to Judge Moeser. In December 1998, Judge O'Brien denied Garel's motion to reopen based upon Judge Moeser's adoption of Judge Frankel's decision. Garel filed another motion to vacate Judge O'Brien's original order, but on February 1, 1999, Judge O'Brien denied this motion to vacate.

¶ 6.   At some point, Garel filed another lawsuit, a habeas corpus challenge to his probation and parole revocations, based upon ineffective assistance of counsel. This case was dismissed, and in August 1998, this

---

motion, the Wisconsin Supreme Court ultimately reversed this court's ruling in *Drow*. *See Drow v. Schwarz*, 225 Wis. 2d 362, 592 N.W.2d 623 (1999), *as amended on denial of reconsideration*, 226 Wis. 2d 826, 599 N.W.2d 410 (Wis. June 25, 1999) (No. 97–1867).

court ruled that Garel was not constitutionally entitled to counsel at his revocation hearings.

¶ 7. The case at hand was commenced in September 1998 when Garel filed a petition for habeas corpus review of Judge Frankel's December 8, 1995 decision in Racine county circuit court. On September 30, 1998, the Racine county circuit court dismissed Garel's petition for failure to state a claim.

¶ 8. Garel then filed several motions. On October 12, 1998, he filed a supplemental amended petition for writ of habeas corpus; a notice of motion and motion for relief from judgment or order; a motion for reconsideration; and a motion to file supplemental petition. On October 19, 1998, Garel filed a motion to vacate decision and reopen. On November 30, 1998, he filed a notice of motion and motion for appointment of counsel. On December 14, 1998, Garel filed a brief in support of these motions; the brief was signed by Garel on December 8, 1998.

¶ 9. On February 25, 1999, Kenneth Morgan filed a motion to dismiss Garel's petition and to sanction Garel for providing false information to the court pursuant to WIS. STAT. § 807.15(2)(c). Attached to Morgan's motion was Judge Moeser's December 7, 1998 nunc pro tunc order adopting Judge Frankel's December 8, 1995 order; Garel's December 16, 1998 motion to vacate Judge Moeser's decision; and Judge O'Brien's February 1, 1999 order refusing to question the validity of Judge Moeser's decision. On April 22, 1999, Garel filed a reply brief. Attached to Garel's reply brief was Judge Moeser's nunc pro tunc order; however, Garel again argued that Judge Moeser had no authority to adopt Judge Frankel's order and attempted to challenge his probation and parole revocations.

¶ 10. On April 23, 1999, a hearing was held on the above motions. The court dismissed the case and orally ordered that Garel's mandatory release date be extended for six months for providing false information to the court pursuant to WIS. STAT. § 807.15(2)(c). Garel appeals this dismissal and order extending his mandatory release date.

## DISCUSSION

¶ 11. Garel raises many issues on appeal. He alleges that his constitutional due process rights, as implicated in WIS. STAT. § 807.15, were violated because he was not afforded any procedural due process or hearing rights when the circuit court extended his mandatory release date, that he was not given full written notice of the alleged violations under § 807.15(2), that the hearing to extend his mandatory release date is quasi-criminal in nature and therefore his constitutional right to counsel was violated when he was not provided an attorney during this proceeding, that his mandatory release date cannot be extended when there is a discrepancy between the oral and written court orders, and that the 180-day extension of his mandatory release date is too harsh under WIS. ADMIN. CODE § DOC 302.21. However, we need not address these numerous arguments because the statute upon which the circuit court rested its authority to extend Garel's mandatory release date, § 807.15, does not apply to Garel.

¶ 12. This issue presents a question of statutory interpretation. A question of statutory interpretation is one that we review de novo. *See Gorton v. Hostak, Henzl & Bichler, S.C.*, 217 Wis. 2d 493, 502, 577 N.W.2d 617 (1998). Consequently, we need not defer to

the decision of the circuit court for the circuit court is in no better position to interpret the statute than this court. *See McGarrity v. Welch Plumbing Co.*, 104 Wis. 2d 414, 419, 312 N.W.2d 37 (1981).

¶ 13.    WISCONSIN STAT. § 807.15 provides in part:

(1)    In this section, "prisoner" has the meaning given in s. 801.02 (7) (a) 2.

(2)    In any action or special proceeding, including a petition for a common law writ of certiorari, brought by a prisoner, the court may, on its own motion or on the motion of any party, order the department of corrections to extend the prisoner's mandatory release date calculated under s. 302.11 (1) . . . if the court finds that any of the following applies:

(a)    The action or special proceeding was filed for a malicious purpose.

(b)    The action or special proceeding was filed solely to harass the party against which it was filed.

(c)    The prisoner testifies falsely or otherwise knowingly offers false evidence or provides false information to the court.

(3) (a) Subject to pars. (b) and (c), if a court orders the department of corrections to extend a prisoner's mandatory release date . . . the order shall specify the number of days by which the mandatory release date . . . is to be extended or the good time deprived.

(b)    An order under sub. (2) to extend a prisoner's mandatory release date . . . may not require the prisoner to serve more days than provided for under the prisoner's sentence.

. . . .

*(4)    This section applies to prisoners who committed an offense on or after September 1, 1998.* (Emphasis added.)

Subsection (4) is dispositive to this appeal; it specifically states that § 807.15 applies only to prisoners who committed an offense on or after September 1, 1998.

¶ 14.  "Offense" is not defined anywhere in WIS. STAT. § 807.15. After a review of the record revealed that this issue was never addressed at the circuit court level, this court ordered Morgan to address whether the term "offense" refers to the criminal offense for which the prisoner is incarcerated. Morgan concedes that the drafting records for 1997 Wis. Act 133, which created § 807.15, do not provide any insight as to legislative intent. Morgan argues that it is unclear from the plain language of subsec. (4) whether "offense" applies to "an inmate's litigation abuse 'offense' or an inmate's criminal 'offense,' " and thus it is reasonable to interpret "offense" as used in § 807.15(4) as referring to an abusive litigation offense. We disagree.

¶ 15.  When we construe a statute, our primary objective is to give effect to legislative intent. *See Erbstoeszer v. American Cas. Co.*, 169 Wis. 2d 637, 642, 486 N.W.2d 549 (Ct. App. 1992). Our first resort is to the language of the statute itself. *See id.* Courts are obliged to give statutory language its ordinary and accepted meaning. *See id.* In the absence of a statutory definition, all words must be construed according to their common and approved usage. *See Swatek v. County of Dane*, 192 Wis. 2d 47, 61, 531 N.W.2d 45 (1995). Common and approved usage of a word may be established by reference to a dictionary definition. *See id.*

¶ 16.  "Offense" is defined as a "violation or infraction of a moral or social code; transgression or sin . . . . [a] transgression of law; crime." AMERICAN HERITAGE DICTIONARY 863 (2d College ed. 1982). Black's Law

Dictionary defines "offense" as a "violation of the law; a crime, often a minor one." BLACK'S LAW DICTIONARY 1108 (7th ed. 1999). Where statutory language is clear, reference to extrinsic aids, such as legislative history or the rules of statutory construction, is unnecessary. *See Holdmann v. Smith Lab., Inc.*, 151 Wis. 2d 813, 816, 447 N.W.2d 69 (Ct. App. 1989).

¶ 17.    The plain and unambiguous language of WIS. STAT. § 807.15 clearly indicates that this statute was intended to apply only to those prisoners who committed a crime on or after September 1, 1998. It is apparent from the briefs that Garel is in prison as a result of probation and parole revocations from a 1995 or earlier conviction. His underlying crime plainly predates the September 1, 1998 date set forth in § 807.15(4).

¶ 18.    In sum, the circuit court did not have the authority to extend Garel's mandatory release date pursuant to WIS. STAT. § 807.15. Section 807.15 applies only to those prisoners who have committed an offense on or after September 1, 1998, and Garel's offense predates September 1, 1998. Consequently, § 807.15 cannot be applied to him.

*By the Court.*—Order reversed.