PER CURIAM.
¶1 Gary W. Bahr appeals from a judgment convicting him of operating a vehicle with a prohibited alcohol concentration (7th, 8th, or 9th offense). He contends that the circuit court erred in finding him competent to stand trial. We disagree and affirm.
¶2 Bahr was convicted following a no contest plea to operating a vehicle with a prohibited alcohol concentration (7th, 8th, or 9th offense). According to the complaint, Bahr collided with another vehicle while driving with a prohibited alcohol concentration of .039.
¶3 Prior to entry of the plea, Bahr's attorney questioned Bahr's competency to stand trial. The circuit court appointed two experts to evaluate Bahr-psychiatrist Dr. John Pankiewicz and psychologist Dr. Kevin Miller. They examined him, prepared reports, and testified at a hearing.
¶4 In his report and testimony, Pankiewicz acknowledged that Bahr had some cognitive deficits due to previous head traumas and substance abuse. However, he did not believe that they impacted in any significant way Bahr's understanding of his legal situation or capacity to communicate in a rational manner with his attorney and make decisions regarding his defense. Pankiewicz noted Bahr's understanding of court proceedings, familiarity with the case, and ability to discuss issues relevant to it. Thus, Pankiewicz found Bahr competent to stand trial.
¶5 Miller reached a different conclusion. Citing apparent impairments to Bahr's memory and judgment,[1] Miller did not believe that Bahr could rationally process the evidence against him and assist his attorney with developing a defense strategy. Accordingly, Miller found Bahr not competent to stand trial and recommended additional testing to determine the degree of impairment and likelihood of recovery.
¶6 Ultimately, the circuit court was persuaded by Pankiewicz and found Bahr competent to stand trial. By contrast, the court believed that Miller had gone beyond what the law required in his competency evaluation. It observed, "I get the impression from listening to Dr. Miller that you need to be lawyerly almost to be found competent in the proceedings when you are going forward, and that's probably going too far...."
¶7 Bahr subsequently entered his plea and was sentenced to three years of initial confinement and three years of extended supervision. This appeal follows.
¶8 On appeal, Bahr contends that the circuit court erred in finding him competent to stand trial. He accuses the court of erroneously interpreting the competency standard as not including considerations of impairment to memory and judgment.
¶9 "It has long been settled that due process of law prohibits the conviction of an incompetent defendant." State ex rel. Vanderbeke v. Endicott , 210 Wis. 2d 502, 512, 563 N.W.2d 883 (1997). "Under federal case law, the due process test for determining competency considers whether the defendant: (1) 'has sufficient present ability to consult' with his or her lawyer 'with a reasonable degree of rational understanding;' and (2) 'has a rational as well as factual understanding of the proceedings.' " State v. Byrge , 2000 WI 101, ¶27, 237 Wis. 2d 197, 614 N.W.2d 477 (citation omitted). This "understand-and-assist" test is the core of competency analysis. Id. , ¶28.
¶10 The "understand-and-assist" test is also codified by state statute. WISCONSIN STAT. § 971.13(1) (2017-18),[2] provides that "[n]o person who lacks substantial mental capacity to understand the proceedings or assist in his or her own defense may be tried, convicted or sentenced for the commission of an offense so long as the incapacity endures."
¶11 A circuit court's competency determination is functionally a factual one, and we review it under the clearly erroneous standard of review. State v. Smith , 2016 WI 23, ¶26, 367 Wis. 2d 483, 878 N.W.2d 135. Therefore, we will uphold the competency determination unless it is totally unsupported by facts in the record. Id. , ¶29.
¶12 Here, we are satisfied that the circuit court properly found Bahr competent to stand trial. The court began its oral ruling by identifying the correct legal standard for determining competency. It then explained why, in light of Pankiewicz's testimony, it believed that the standard was met. We cannot say that the court's determination is totally unsupported by facts in the record.
¶13 Although Bahr accuses the circuit court of essentially ignoring his apparent impairments to memory and judgment, the record does not bear this out. The court flatly acknowledged Bahr's "deficiencies" in its oral ruling. It simply concluded that such deficiencies, based upon the other evidence presented, did not render Bahr legally incompetent to stand trial. On this record, we perceive no error.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

Bahr's memory was called into question due to his insistence-contradicted by blood test results-that he did not drink alcohol before the collision. Meanwhile, his judgment was called into question due his failure to comply with the alcohol self-monitoring requirements of his bail.

All references to the Wisconsin Statutes are to the 2017-18 version.