■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID M. STEVENS, Appellant. [765 NYS2d 121] —Appeal from a judgment of Oswego County Court (Hafner, Jr., J.), entered

December 19, 2001, which revoked defendant's probation and imposed a sentence of imprisonment.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment revoking his probation and imposing an indeterminate term of incarceration of 2$^1$/$_3$ to 7 years. Defendant failed to preserve for our review his contention that County Court erred in recalling a police officer who had testified for the People in order to question him regarding defendant's level of intoxication at the time of the alleged assault underlying one of the specifications of delinquency (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, that contention lacks merit (*see generally People v Recor*, 209 AD2d 831 [1994], *affd* 87 NY2d 933 [1996]; *see also Matter of Darvin M. v Jacobs*, 69 NY2d 957 [1987]). Contrary to the further contention of defendant, the evidence is legally sufficient to support the court's determination that he violated the conditions of his probation (*see People v Pettway*, 286 AD2d 865 [2001], *lv denied* 97 NY2d 686 [2001]). Defendant testified at the violation of probation hearing that he failed to advise his probation officer of his change in residence, failed to attend his weekly Alcoholics Anonymous meetings, failed to inform his probation officer that he had been arrested, failed to abstain from the use of alcohol and failed to make any payments toward the court-imposed fine. The only specification of delinquency that defendant challenged was the allegation that he assaulted his girlfriend. However, the court's determination sustaining that specification is also supported by legally sufficient evidence.

Because there were no " 'changes in defendant's status, conduct or condition which may have occurred * * * since the previous sentence of probation was imposed,' " an updated presentence report was not necessary (*People v Depolo*, 291 AD2d 841 [2002], quoting *People v Tyrrell*, 101 AD2d 946, 947 [1984]). The court was in the best position to make a determination regarding defendant's competency, and we see no reason to disturb its determination that a CPL 730.30 examination was not necessary (*see People v Garrasi*, 302 AD2d 981 [2003]). Defendant testified in a rational manner at the hearing and made an impassioned plea for leniency before resentencing. Thus, the court did not abuse its discretion in failing sua sponte to conduct a competency hearing, inasmuch as there is no evidence in the record that would have led the court to question the ability of defendant to understand the nature of the proceedings or to assist in his own defense. Finally, we conclude

that defendant received effective assistance of counsel (*see People v Baldi*, 54 NY2d 137, 147 [1981]), and his sentence is not unduly harsh or severe. Present—Green, J.P., Wisner, Gorski and Lawton, JJ.