[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 860 
Clifton Lee Harrison appeals the trial court's revocation of his probation. He raises one issue on appeal: whether the trial court erred in denying his request for a psychiatric evaluation. He argues that he was entitled to a psychiatric evaluation to determine his competency to have his probation revoked because, he says, he presented evidence at the probation-revocation hearing that raised a bona fide doubt as to his competency.[1]
Before addressing Harrison's specific claim, we must first address a threshold issue: whether revocation of probation of an incompetent probationer violates due process.
It is axiomatic that the conviction of an accused while incompetent violates due process. See Pate v. Robinson,383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); Bishop v. UnitedStates, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956); andEx parte LaFlore, 445 So.2d 932 (Ala. 1983). Probation-revocation proceedings are not criminal trials, seeBullock v. State, 392 So.2d 848, 851 (Ala.Crim.App. 1980) ("a proceeding to revoke probation is not a criminal prosecution"); however, a person facing revocation of probation is entitled to certain minimum due-process protections. A probationer is entitled to written notice of the claimed violations, to disclosure of the evidence against him or her, to an opportunity to be heard in person and to present witnesses and documentary evidence, to confront and cross-examine adverse witnesses, and to a written statement by the judge as to the evidence relied on and reasons for revoking probation. See Gagnon v. Scarpelli,411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and Armstrong v.State, 294 Ala. 100, 102-03, 312 So.2d 620, 622-23 (1975). These rights, however, would be meaningless to an incompetent probationer. As explained by the Wisconsin Supreme Court:
 "Notice and hearing are meaningless guaranties to a probationer who is incompetent and as such unable to understand the notice of the claimed violations of probation, the evidence against him or *Page 861 
her, or the written statement by the fact finder as to the evidence relied on and the reasons for revoking probation. Nor can an incompetent probationer present witnesses and documentary evidence, confront and cross-examine adverse witnesses, dispute the accusation of violation of the conditions of probation, explain mitigating factors, or argue the appropriateness of revocation.
 "The core of the process due at a probation revocation proceeding, the opportunity for a meaningful hearing on the facts of the alleged violation and the appropriate disposition of the probationer, is not available to an incompetent probationer."
State ex rel. Vanderbeke v. Endicott, 210 Wis.2d 502, 515-16,563 N.W.2d 883, 887-88 (1997). "It would be fundamentally unfair to require a revocation hearing and then not ensure the safeguard that defendant understands the nature and object of the proceedings against him and that he is able to assist in his defense in a rational way." People v. Martin, 61 Mich.App. 102,107-08, 232 N.W.2d 191, 194 (1975). Other jurisdictions have similarly recognized the right of a probationer to be competent before his or her probation is revoked. See People v. Stevens,309 A.D.2d 1192, 765 N.Y.S.2d 121 (2003); State ex rel. Juergensv. Cundiff, 939 S.W.2d 381 (Mo. 1997); State v. Singleton,322 S.C. 480, 472 S.E.2d 640 (1996); State v. Lockwood,160 Vt. 547, 632 A.2d 655 (1993); State v. Qualls, 50 Ohio App.3d 56,552 N.E.2d 957 (1988); Thompson v. State, 654 S.W.2d 26
(Tex.App. 1983); Commonwealth v. Megella, 268 Pa.Super. 316,408 A.2d 483 (1979); and Hayes v. State, 343 So.2d 672
(Fla.Dist.Ct.App. 1977). Therefore, we hold that revocation of probation while a probationer is incompetent violates due process.
We now turn to whether there was bona fide doubt as to Harrison's competency that would require the trial court to order a psychiatric evaluation.
 "`A defendant does not have a right to a mental examination whenever he requests one, and, absent such a right, the trial court is the screening agent of such requests. Robinson v. State, 428 So.2d 167
(Ala.Cr.App. 1982); Beauregard v. State, 372 So.2d 37 (Ala. Cr.App.), cert. denied, 372 So.2d 44 (Ala. 1979). The defendant bears the burden of persuading the court that a reasonable and bona fide doubt exists as to the defendant's mental competency, and this is a matter within the discretion of the trial court. Miles v. State, 408 So.2d 158 (Ala.Cr.App. 1981), cert. denied, 408 So.2d 163 (Ala. 1982). In determining whether an investigation into the defendant's [competency] is required, the trial court must determine if any factual data establish a reasonable ground to doubt the defendant's [competency]. Beauregard, 372 So.2d at 43. Where the trial court finds that the evidence presents no reasonable grounds to doubt the defendant's [competency], the standard of appellate review is whether the trial court abused its discretion. Id.'
 "Cliff v. State, 518 So.2d 786, 790 (Ala. Crim.App. 1987). See also Stewart v. State, 562 So.2d 1365
(Ala.Crim.App. 1989); Russell v. State, 715 So.2d 866 (Ala.Crim.App. 1997); Ala.R.Crim.P. 11."
Ingram v. State, 779 So.2d 1225, 1270-71 (Ala.Crim.App. 1999), aff'd, 779 So.2d 1283 (Ala. 2000). Rule 11.1, Ala.R.Crim.P., provides that "[a] defendant is mentally incompetent to stand trial or to be sentenced for an offense if that defendant lacks sufficient present ability to assist in his or her defense by consulting with counsel with a *Page 862 
reasonable degree of rational understanding of the facts and the legal proceedings against the defendant."
At the probation-revocation hearing, Harrison's mother testified that before his incarceration Harrison had received Social Security disability benefits because of his mental condition; that, with her help, he had reapplied for those benefits after his release; that Harrison suffered from a severe learning disability and that he "couldn't learn, couldn't comprehend what was going on" (R. 23); that Harrison was unable to work because of his mental disability; that Harrison cannot read or write; that Harrison is a "follower" and is easily led by others (R. 24); and that Harrison needs help understanding business and legal matters. In addition, Harrison's counsel asserted that at the preliminary hearing, a transcript of which is not included in the record on appeal, Harrison had told the court that "he didn't have an understanding about what was happening." (R. 4.)
Although the testimony of Harrison's mother established that Harrison had a learning disability, that he had previously received Social Security disability benefits, and that he needed help understanding business and legal affairs, it was not sufficient to raise a bona fide doubt as to his competency. See, e.g., Grider v. State, 766 So.2d 189 (Ala.Crim.App. 1999) (receiving Social Security disability insurance benefits does not alone establish that the recipient is incompetent), and M.D. v.State, 701 So.2d 58 (Ala.Crim.App. 1997) (low IQ or borderline intelligence alone does not automatically render one incompetent). In addition, counsel's assertion regarding Harrison's lack of understanding of the proceedings, being unsupported by any evidence, was not sufficient to raise a bona fide doubt as to Harrison's competency. See, e.g., Nelson v.State, 511 So.2d 225, 238 (Ala.Crim.App. 1986), aff'd,511 So.2d 248 (Ala. 1987) ("In the absence of any evidence, the mere allegations by counsel that the accused is incompetent to stand trial or was insane at the time of the commission of the offense do not establish reasonable grounds to doubt a defendant's sanity which would warrant an inquiry into his competency."). See alsoFrazier v. State, 758 So.2d 577, 587 (Ala.Crim.App.), aff'd,758 So.2d 611 (Ala. 1999), and Cliff v. State, 518 So.2d 786,791 (Ala.Crim.App. 1987). Therefore, the trial court properly denied Harrison's motion in this regard.
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
[1] In his motion, Harrison also requested an evaluation to determine his sanity at the time of the alleged probation violation. In his brief on appeal, Harrison refers to Ake v.Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), for the proposition that once an indigent defendant makes a threshold showing that his sanity at the time of the offense is likely to be a significant factor at trial, he or she is entitled to the assistance of a psychiatric expert. However, other than stating this general proposition, Harrison makes no argument in his brief regarding his sanity at the time of the alleged probation violation; his entire argument is focused on his competency at the time of the revocation proceedings. To the extent that Harrison intended to raise on appeal the issue regarding the trial court's denial of his request for an evaluation to determine his sanity at the time of the alleged probation violation, Harrison has failed to satisfy the requirements in Rule 28(a)(10), Ala.R.App.P., and, thus, that issue is deemed to be waived.