McMILLAN, Judge.
 

 The appellant, Daniel Kyle Thomas, appeals the trial court’s decision revoking his probation and imposing his original sen
 
 *1092
 
 tence of 15 years’ imprisonment on his conviction for robbery in the first degree and 12 months’ imprisonment for theft of property in the third degree. His sentence was originally split so that he was to serve 18 months’ imprisonment on the robbery conviction and 6 months’ imprisonment on the theft conviction. While on probation for robbery and theft convictions, Thomas was arrested for robbery, kidnapping, and assault.
 

 I.
 

 Thomas argues that the trial court erred by relying solely upon hearsay evidence to revoke his probation.
 

 Because Thomas failed to present this argument to the trial court, it was not preserved for appellate review. “The general rules of preservation apply to probation revocation hearings.”
 
 Owens v. State,
 
 728 So.2d 673, 680 (Ala.Crim.App.1998); see also
 
 McCoo v. State,
 
 921 So.2d 446, 448 (Ala.Crim.App.2004), reversed on other grounds, 921 So.2d 450 (Ala.2005)(holding that a hearsay claim was not preserved for review on appeal because it was not raised in the trial court);
 
 Puckett v. State,
 
 680 So.2d 980, 983 (Ala.Crim.App.1996) (“[T]his court has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation ..., and (2) the requirement that a revocation hearing actually be held .... ”).
 

 II.
 

 Thomas argues that the trial court erred by revoking his probation on the basis of nonpayment of court-ordered moneys because it failed to find that his nonpayment was willful.
 

 Because Thomas failed to present this argument to the trial court, it was not preserved for appellate review.
 
 McCoo v. State,
 
 supra;
 
 Puckett v. State,
 
 supra.
 

 III.
 

 Thomas argues that the trial court erred by revoking his probation because, he says, there was a bona fide doubt about his competency during the revocation proceeding and the trial court failed to consider his condition as a mitigating offense.
 

 Although this Court has recognized that revocation of probation while the probationer is incompetent creates a due-process violation, Thomas failed to present any evidence tending to show that he was incompetent during the revocation proceedings. See
 
 Harrison v. State,
 
 905 So.2d 858 (Ala.Crim.App.2005). Thomas presented evidence that at an early age, he suffered from traumatic stress disorder, physical and emotional abuse, and possibly sexual abuse. Evidence was presented that as a teenager, he became involved in drugs, suffered from post-traumatic stress disorder, major depression, and possible a bipolar disorder. None of the evidence presented by Thomas, however, established that he was incompetent to participate in the revocation proceedings because he lacked the ability to assist in his defense, or was unable to consult with his counsel, or failed to understand the legal proceedings against him. See
 
 Harrison v. State,
 
 905 So.2d at 862 (quoting
 
 Nelson v. State,
 
 511 So.2d 225, 238 (Ala.Crim.App.1986)) (“Tn the absence of any evidence, the mere allegations by counsel that the accused is incompetent to stand trial or was insane at the time of the commission of the offense do not establish reasonable grounds to doubt a defendant’s insanity which would warrant an inquiry into his competency.’ ”).
 

 IV.
 

 Thomas argues that the trial court, in its written order, failed to state
 
 *1093
 
 the evidence it relied upon and its reasons for revoking his probation.
 

 “[T]he requirement of
 
 Wyatt [v. State,
 
 608 So.2d 762 (Ala.1992),] and its associated cases — that the trial court enter a written order stating its reasons for the revocation and the evidence relied upon regardless of the state of the record — is no longer applicable. Henceforth, the Court of Criminal Appeals may determine, upon a review of the record, whether the requisite Rule 27.6(f)[, Ala. R.Crim. P.,] statements are presented by that record. Thus, the Court of Criminal Appeals may examine the record and conclude that ‘oral findings, if recorded or transcribed, can satisfy the requirements of
 
 Morrissey [v. Brewer,
 
 408 U.S. 471, (1972),] when those findings create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.’
 
 [United States v.] Copeland,
 
 20 F.3d [412,] 414 [ (11th Cir.1994) ].
 

 “We hasten to note that our holding in this case does not diminish the duty of the trial court to take some affirmative action, either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons. The requirements of
 
 Wyatt
 
 will still be fully applicable in those situations where the record, for lack of transcription of the revocation hearing or for some other reason, fails to clearly and unambiguously set forth the reasons for the revocation and the evidence that supported those reasons. Thus, the requirements of
 
 Wyatt
 
 are fully applicable to the trial court’s order of revocation where the record fails to comply with Rule 27.6(f).”
 

 McCoo v. State,
 
 921 So.2d 450, 462-63 (Ala.2005).
 

 “In order to meet the requirements of Rule 27.6(f), as well as those of constitutional due process, it is ‘the duty of the trial court to take some
 
 affirmative action,
 
 either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons.’
 
 McCoo [v. State
 
 ], 921 So.2d [450] at 462 [ (Ala.2005) ] (emphasis added).”
 

 Ex parte Garlington,
 
 998 So.2d 458, 458-59 (Ala.2008).
 

 During the revocation hearing, the State presented evidence from Thomas’s probation officer indicating that Thomas had violated the terms and conditions of his probation by failing to pay court-ordered moneys, by failing to report to his probation officer, and by failing to avoid criminal activity while on probation. Additionally, the State presented the testimony of an officer from the Sumiton Police Department regarding the facts and circumstances surrounding Thomas’s arrest on the robbery, kidnapping, and assault charges. Thomas presented testimony from a clinical and forensic pathologist regarding his mental state. Additional testimony concerning his mental state was given by his grandmother.
 

 The record indicates the trial court’s written order stated that based on the evidence presented at the Thomas’s revocation hearing, including the testimony of the various witnesses, the court was of the opinion that Thomas’s probation should be revoked. The record further indicates that at the conclusion of the hearing, the trial court merely stated that it was “revoking probation on all charges.”
 

 Because the record in this case does not clearly and unambiguously set forth the trial court’s reasons for revoking Thomas’s
 
 *1094
 
 probation or the evidence upon which it relied in revoking his probation, this case is remanded to the trial court with instructions that it enter a written order in which it specifically states the evidence upon which it relied and its reasons for revoking Thomas’s probation. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court within 21 days after the release of this opinion.
 

 REMANDED WITH INSTRUCTIONS.
 

 WISE, J., concurs. BASCHAB, P.J., and SHAW, J., concur in the result. WELCH, J., dissents, without opinion.