MAIN, Judge,
dissenting.
I respectfully dissent from the per cu-riam opinion reversing Cook’s conviction for first-degree burglary and remanding the case.
Cook was charged by indictment with first-degree burglary, a violation of § 13A-7-5, Ala.Code 1975. Cook argues that the circuit court erred in denying his pretrial motion for a court-ordered mental evaluation to determine his mental competency at the time of the offense. The per curiam opinion has set out the applicable law, and my analysis is in accordance with those legal principles.
In my opinion, Cook did not meet his burden of showing a reasonable ground to doubt his competency at the time that he committed the burglary of S.W.’s residence. His motion for a mental evaluation was supported by medical records from the Alabama Department of Corrections indicating that he had previously received psychiatric treatment for depression, paranoia, and schizophrenia while he was incarcerated as the result of other convictions. However, as for Cook’s competency at the time he committed the burglary, Cook’s counsel stated that, although she believed *677 Cook could assist with his defense, she believed that Cook did not understand the seriousness of the offense. She also informed the court that Cook’s cousin believed that Cook was not taking his medications after his release from St. Clair Correctional Facility. Although Cook’s cousin was present during the hearing on the motion, he did not testify. Instead, Cook’s counsel informed the court that the cousin’s testimony would simply be that he had picked Cook up on his release from St. Clair Correctional Facility and that he believed that Cook was not taking his medications at that time. At the conclusion of the hearing, the circuit court indicated that it would review the records and enter an order, stating as follows:
“THE COURT: Thank you very much. What I’m going to do is I’m going to take it under advisement and peruse these records and determine what’s in them. And that’s what prompted me to inquire before because of the fact that I know that it’s sort of puzzling that he was ordered to Taylor Hardin [Secure Medical Facility] back in the ‘90s, got a report, after the report came in, he pled guilty to two felonies. And then he’s been not only before Judge Fielding subsequent to that, he’s been before Judge Hollingsworth and he’s been before me, and there’s been no indication of any mental disease or defect and three separate judges have found him to be competent and proceeded to take his pleas and sentence him in those particular cases. And I can tell you, if I had felt like in 2001 that he had a severe mental disease or defect and couldn’t assist his lawyer when he was before me, it would give me cause and I’m sure it would have done the same thing in front of Judge Hollingsworth and Judge Fielding. And that’s why I was interested in seeing whether or not any motions had been filed in those particular cases. And you did a great job getting his records from the Department of Corrections. But I’ve got to look at them and look back at the report.”
(R. 12-13.) Thereafter, as set out in the per curiam opinion, the circuit court fashioned a detailed written order setting out its reasons for denying the request for a court-ordered mental evaluation. (C. 14-15.)
I do not believe that the trial court abused its discretion in denying Cook’s request for a mental examination because Cook failed to present evidence at the hearing on the motion generating reasonable grounds to doubt his mental competency at the time of the offense. Further, I do not believe that the sole witness the defense called at trial provided sufficient reasonable grounds as to Cook’s mental competency at the time of the offense. Dr. Barry Collins, who evaluated Cook on April 3, 2009, after the offense but before trial, indicated that Cook understood right from wrong when he examined him on that one occasion at the jail. He stated that he had no opinion concerning Cook’s mental condition in February 2008, at the time the offense was committed, because he treated Cook only that one time while he was in jail on a suicide watch. During the evaluation, Cook denied having suicidal thoughts and admitted that he cut himself because he wanted to be moved because the cell he was in was too crowded. He stated that Cook may have been in a manic episode when he committed the burglary given Cook’s prior diagnosis of schizophrenia with bipolar tendencies. Dr. Collins prescribed antipsychotic medication for Cook in April 2009. However, Dr. Collins indicated that Cook made a decision to cut himself to be removed from his crowded cell before he was medicated, which he stated was a goal-oriented decision on Cook’s part.
*678 I believe the circuit court is in a better position than an appellate court to rule on a request for a mental evaluation by virtue of its ability to hear and see the evidence and to observe the defendant. In this case, the only testimony presented at the hearing was Cook’s attorney’s assertion that Cook did not understand the gravity of the charges against him and that he expected Cook’s cousin to testify that he believed that Cook was not taking his medications on the date he was released from prison, which was approximately one month before the burglary occurred.
“[C]ounsel’s assertion regarding [a defendants lack of understanding of the proceedings, being unsupported by any evidence, was not sufficient to raise a bona fide doubt as to [the defendants competency. See, e.g., Nelson v. State, 511 So.2d 225, 238 (Ala.Crim.App.1986), aff'd, 511 So.2d 248 (Ala.1987) (‘In the absence of any evidence, the mere allegations by counsel that the accused is incompetent to stand trial or was insane at the time of the commission of the offense do not establish reasonable grounds to doubt a defendant’s sanity which would warrant an inquiry into his competency.’). See also Frazier v. State, 758 So.2d 577, 587 (Ala.Crim.App.), aff'd, 758 So.2d 611 (Ala.1999), and Cliff v. State, 518 So.2d 786, 791 (Ala.Crim.App.1987).”
Harrison v. State, 905 So.2d 858, 862 (Ala.Crim.App.2005). No evidence was presented that Cook exhibited psychotic behavior immediately before the commission of the offense. See Russell v. State, 715 So.2d 866 (Ala.Crim.App.1997) (reversing decision and remanding case where defendant exhibited psychotic behavior after being released from prison and evidence indicated that he received treatment for such behavior after being released). Dr. Collins, who evaluated Cook after the offense and who testified for the defense at trial, indicated that Cook made a goal-oriented decision and was not taking medication for schizophrenia when he made the decision to cut himself.
Therefore, in my opinion, Cook failed to meet his burden of persuasion on this matter. Accordingly, I would hold that the circuit court did not abuse its discretion in denying Cook’s motion for a court-ordered mental evaluation to determine his mental competency at the time of the offense. Thus, I would affirm.