# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Kristopher V.,**
**Petitioner Below, Petitioner**

**FILED**

May 1, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 14-0529** (McDowell County 06-C-74)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kristopher V.,[1] by counsel D. Adrian Hoosier, II, appeals the order of the Circuit Court of McDowell County, entered May 2, 2014, that denied his petition for writ of habeas corpus. Respondent David Ballard, Warden, Mt. Olive Correctional Complex, by counsel Derek A. Knopp, filed a response to petitioner's brief and a separate response to petitioner's supplemental brief.[2]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2000, petitioner was indicted by the McDowell County Grand Jury on (1) thirty-six counts of sexual assault in the first degree pursuant to West Virginia Code § 61-8B-3; (2) thirty-six counts of sexual assault in the third degree pursuant to West Virginia Code § 61-8B-5; and (3) thirty-six counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust pursuant to West Virginia Code § 61-8D-5. The victim was N.O., the then ten-year-old daughter of petitioner's then-girlfriend.

Prior to indicting petitioner, the grand jury heard the testimony of West Virginia State Police Sergeant John Pauley that the abuse occurred from May of 1999 to January of 2000 and that the 108 counts in the proposed indictment "accurately reflect what [petitioner] did to [N.O.] over

---

[1] Consistent with our practice in cases involving sensitive facts, we use only petitioner's first name and last initial, and identify the minor victim only by her initials. *See State ex rel. W.Va. Dept. of Human Services v. Cheryl M.*, 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

[2] We permitted petitioner to file a supplemental brief by an order entered January 20, 2015.

that period of time." The officer also testified that "the worst thing" petitioner committed upon N.O. was anal intercourse and that this was supported by a doctor's report that "[N.O.] had venous congestion around the rectum . . . and . . . her anus had a scar[.]"

Following the indictment, trial was scheduled for December 4, 2000. However, on that date, petitioner decided to enter a plea agreement with the State, under which 106 counts of indictment would be dismissed and petitioner would plead guilty to one count of sexual assault in the first degree and one count of sexual abuse by a parent, guardian, custodian, or person in a position of trust. The plea agreement also provided that petitioner may apply for probation or alternative sentencing and that the State would stand silent regarding sentencing.

At the December 4, 2000 plea hearing, petitioner answered "yes, sir" to the circuit court's admonition that sentencing would be "totally up to the Court" and that subject to the presentence investigative report, petitioner would most likely be sentenced to prison. Petitioner also replied "yes, sir" when the circuit court asked petitioner if he was willing to plead guilty pursuant to the terms of the plea agreement and if petitioner fully knew and understood the plea agreement's provisions. In addition, the circuit court explained each of the constitutional rights petitioner would be surrendering by pleading guilty, and petitioner uniformly answered, "Yes, sir."

The circuit court also inquired of petitioner's background. Petitioner testified that he had attended special education classes because of learning disabilities and behavioral problems and that he left school after the ninth grade. Petitioner further testified that he was awarded social security disability payments. However, apart from examinations necessary to receive those benefits, petitioner stated that he had not seen a doctor for "any . . . mental or emotional condition in the last five years." Petitioner replied "no, sir" to the question of whether he saw any mental health counselor or ". . . any other kind of counselor."

Petitioner testified that his trial counsel represented him in a proper and adequate way. When the circuit court inquired whether petitioner had any question in his mind that counsel performed satisfactorily, petitioner answered, "no, sir." Petitioner also testified that no person had promised him probation or alternative sentencing in exchange for his guilty pleas.

During examination by the State, petitioner clarified that he engaged in anal intercourse—rather than vaginal intercourse—with N.O. by placing his sex organ in "[h]er butt." Thereafter, the circuit court allowed petitioner to enter his guilty pleas and found that petitioner knowingly and voluntarily pled guilty to one count of sexual assault in the first degree and one count of sexual abuse by a parent, guardian, custodian, or person in a position of trust.

Petitioner's sentencing hearing occurred on December 28, 2000. At the hearing, the circuit court noted that according to a presentence psychological report, petitioner showed no genuine remorse and was extremely reluctant to accept responsibility for the offenses. The circuit court concluded that it was the psychologist's opinion that "[petitioner] does not appear amenable to any particular program of treatment or rehabilitation." Accordingly, the circuit court denied petitioner's application for probation or alternative sentencing. The circuit court imposed a sentence of fifteen to thirty-five years of incarceration for sexual assault in the first degree and a

sentence of ten to twenty years of incarceration for sexual abuse by a parent, guardian, custodian, or person in a position of trust, to be served consecutively. Petitioner did not directly appeal his convictions and sentences.

Subsequently, petitioner filed a petition for writ of habeas corpus. Habeas counsel was appointed, who filed an amended petition. Petitioner raised the following grounds for relief: (1) the circuit court erred in not refusing to continue the plea hearing and order an evaluation of petitioner's competency pursuant to West Virginia Code § 27-6A-2 after the court was informed that petitioner was awarded social security disability payments; and (2) trial counsel provided ineffective assistance by not (a) challenging whether the grand jury had probable cause to indict petitioner on a total of 108 counts of sexual misconduct;[3] (b) investigating whether petitioner lacked competency because he received social security disability payments; and (c) raising petitioner's competency after it was learned at the plea hearing that petitioner was on disability. At an April 26, 2013, hearing, petitioner testified in support of his petition,[4] and, at a July 9, 2013, hearing, respondent warden presented the testimony of petitioner's trial counsel.[5]

Following those evidentiary hearings, the circuit court denied the petition on May 2, 2014,

---

[3] Petitioner asserts that the grand jury lacked probable cause to indict him on a total of 108 counts of sexual misconduct. Upon our review of the grand jury transcript, we find Sergeant Pauley's testimony greatly undermines petitioner's claim. More fundamentally, however, "[e]xcept for willful, intentional fraud[,] the law of this State does not permit the court to go behind an indictment to inquire into the evidence considered by the grand jury, either to determine its legality or its sufficiency." Syl. Pt. 3, *State v. Grimes,* 226 W.Va. 411, 701 S.E.2d 449 (2009) (Internal citations and quotations omitted.). Petitioner does not allege willful or intentional fraud; therefore, we decline to address this claim.

[4] At the April 26, 2013 hearing, petitioner also testified that he was "waiv[ing]" his pro se motion for appointment of a guardian ad litem ("GAL"). The circuit court previously denied the motion at a status hearing because petitioner failed to provide a reason why he needed a GAL and already had the benefit of habeas counsel. Petitioner invites us to review this ruling under the plain error doctrine. We decline to do so, finding that the circuit court's refusal to appoint a GAL was not in error.

[5] Also at the July 9, 2013 hearing, petitioner presented the testimony of an additional witness, petitioner's cousin, who testified that he heard trial counsel promise petitioner that he would be given either probation or alternative sentencing if he pled guilty. We surmise that petitioner presented this additional witness because, at the April 26, 2013 hearing, petitioner testified that he did not remember what counsel told petitioner when he advised petitioner to take the plea bargain. At the July hearing, trial counsel testified that he couldn't remember whether other family members were present when he recommended the plea bargain to petitioner. However, as discussed *infra,* counsel also testified that he never made promises to any defendant or guaranteed that the circuit court would impose any particular sentence.

3

making the following pertinent findings:[6] (1) the circuit court had jurisdiction and petitioner's guilty pleas were valid because petitioner's claim of incompetency at the time of the plea hearing lacked evidentiary support; (2) petitioner entered his guilty pleas voluntarily because petitioner "communicated well" with the circuit court and "told [the court] that he was voluntarily pleading guilty to counts one and three"; (3) petitioner was not incompetent at the time of the offenses because "there is no evidence that the petitioner did not know right from wrong or appreciate the wrongfulness of his actions at the time of the crime[s]"; (4) petitioner was not given consecutive sentences for the same offense—and the double jeopardy clause was not implicated—because sexual abuse by a parent, guardian, custodian, or person in a position of trust constitutes a separate and distinct offense pursuant to Syllabus Point 9 of *State v. Gill*, 187 W.Va. 136, 416 S.E.2d 253 (1992); (5) petitioner's trial counsel provided effective assistance because "[counsel] acted as a reasonable lawyer would have acted under the circumstances" and negotiated "an excellent plea" for petitioner, where petitioner is capable of discharging his sentences and being released from prison instead of serving a virtual life sentence; (6) petitioner's guilty pleas were supported by sufficient evidence because petitioner admitted at the plea hearing that he had anal intercourse with N.O. "by putting his male sex organ in her butt"; and (7) petitioner did not receive excessive punishment—and his sentences were not unexpected—because the circuit court informed petitioner that he would probably be sentenced to prison and explained to him the nature of consecutive sentences, and, while petitioner's aggregate sentence is substantial, "petitioner's crimes against this little girl were horrific."

Petitioner now appeals the circuit court's May 2, 2014, order denying the petition. We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner makes the following assignments of error:[7] (1) the circuit court erred in finding that trial counsel did not provide ineffective assistance; (2) the circuit court erred in not continuing the plea hearing and ordering an evaluation of petitioner's competency pursuant to West Virginia Code § 27-6A-2 after the court was informed that petitioner was awarded social security disability payments; and (3) the circuit court violated double jeopardy principles by

---

[6] We find that contrary to petitioner's contentions, the circuit court did not err in also making findings as to claims petitioner indicated he wanted to raise on his *Losh* checklist. *See Losh v. McKenzie*, 166 W.Va. 762, 768-70, 277 S.E.2d 606, 611-12 (1981).

[7] We have reformulated petitioner's assignments of error in order to eliminate duplication.

4

imposing consecutive sentences for the same offense.[8] We take these issues in turn, mindful of the circuit court's determination that petitioner was "a less than credible witness." *See State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995) ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact.").

I. The circuit court correctly determined that trial counsel was not ineffective.

In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668 (1984): (a) counsel's performance was deficient under an objective standard of reasonableness; and (b) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Petitioner alleges sixteen areas of ineffective assistance, but argues only three of the claims: (1) counsel should have retained an expert to offer opinion testimony as to the veracity of statements made by the child victim, N.O.; (2) counsel promised petitioner that he would be given either probation or alternative sentencing if he pled guilty; and (3) once petitioner stated at the plea hearing that he was receiving social security disability payments, counsel should have moved to continue the hearing and to have petitioner's competency evaluated pursuant to West Virginia Code § 27-6A-2.

First, trial counsel contradicted petitioner's claim that counsel promised petitioner that he would receive either probation or alternative sentencing by testifying that during the twenty years counsel practiced law, "[I] never told any defendant . . . that I make this promise to you or this is what the judge is going to do[.]" Petitioner insinuates that counsel's testimony should not be credited because, *subsequent to* his representation of petitioner, counsel's law license was annulled by this Court. However, in the instant case, as between petitioner and his former attorney, the circuit court determined that petitioner was "[the] less than credible witness" in part because petitioner's testimony in the instant case was contradicted by his testimony at the plea hearing. At that hearing, petitioner testified that no person had promised him probation or alternative sentencing in exchange for his guilty pleas. Therefore, we defer to the circuit court's credibility determination and reject this claim. *See Guthrie*, 194 W.Va. at 669 n. 9, 461 S.E.2d at 175 n. 9; *see also State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 327, 465 S.E.2d 416, 429 (1995) ("In cases where there is a conflict of evidence between defense counsel and the defendant, the circuit court's findings will usually be upheld.").

Second, while petitioner contends that counsel should have retained an expert to offer

---

[8] Petitioner also asserts that (1) the circuit court erred in denying habeas relief due to the cumulative effect of alleged errors; and (2) the circuit court provided insufficient findings to support its denial of the petition. We reject these arguments summarily. First, because we find no error, *see* discussion *infra*, we have no reason to conduct a cumulative error analysis. Second, as reflected in the discussion *infra*, we determine that the circuit court's findings were adequate to resolve petitioner's claims.

opinion testimony as to the veracity of N.O.'s statements, respondent warden counters that petitioner does not explain how retention of an expert would have aided petitioner's case. We agree with respondent warden and note the circuit court's determination that "[counsel] acted as a reasonable lawyer would have acted under the circumstances" where petitioner not only decided to plead guilty, but also specifically testified that he engaged in anal sex with his girlfriend's minor child. We also agree with the circuit court that counsel negotiated "an excellent plea" for petitioner, where petitioner is capable of discharging his sentences and being released from prison instead of serving a virtual life sentence.[9] Therefore, we find that the circuit court did not clearly err in determining that counsel acted reasonably under the circumstances of petitioner's case.

Third, we reject petitioner's claim that counsel should have moved to continue the plea hearing and to have petitioner's competency evaluated pursuant to West Virginia Code § 27-6A-2 because, for the reasons discussed in Section II below, petitioner was not entitled to a competency hearing. Accordingly, we conclude that the circuit court did not abuse its discretion in finding that petitioner's ineffective assistance claim lacked merit.[10]

## II. The circuit court did not err in refusing to continue the plea for an evaluation of petitioner's competency.

The only basis petitioner has to assert that the circuit court should have continued the plea hearing and order a competency hearing pursuant to West Virginia Code § 27-6A-2 is his testimony at that hearing that he was awarded social security disability payments. Respondent warden counters that we recently rejected a similar argument in *Short v. State*, No. 13-0475, 2014 WL 998418 (W.Va. Supreme Court, March 14, 2014) (memorandum decision), at *3, by stating that "the test for competency to plead guilty is different than the standard used to determine

---

[9] As noted by the circuit court in its order denying habeas relief, if petitioner had been convicted and sentenced consecutively on all 108 counts of the indictment, petitioner's aggregate term would be 936 years to 2,340 years in prison.

[10] The other thirteen alleged areas of ineffective assistance generally fall under the heading "case preparation," including claims that trial counsel failed to conduct an adequate investigation and failed to find witnesses. At the July 9, 2013 hearing, counsel provided testimony contradicting those claims, including that he did "some legwork" on the case and that he talked to a potential witness, but "never could get any answer out of her." Also, as previously discussed *supra*, the circuit court partially based its finding that petitioner was "[the] less than credible witness" on the fact that petitioner's testimony in the instant case was contradicted by his testimony at the plea hearing where he stated that counsel adequately represented him. Petitioner concedes that none of the instances regarding ineffective assistance that relate to case preparation would, individually, entitle petitioner to habeas relief. We find that even cumulatively, these allegations would not entitle petitioner to relief. Finally, petitioner alleges that counsel should have challenged whether the grand jury had probable cause to indict him. For the reasons discussed in fn. 3, *supra*, we find this claim meritless.

disability for social security purposes."[11] *See also Harrison v. State*, 905 So.2d 858, 862 (Ala. Crim. App. 2005) (testimony that defendant "had previously received Social Security disability benefits, and that he needed help understanding business and legal affairs, . . . was not sufficient to raise a bona fide doubt as to his competency."). We note that there are two differences between *Short* and this case, but find them irrelevant. First, in addition to being awarded disability payments, petitioner testified at the April 26, 2013 hearing, that he had a "payee" designated to cash his checks. However, as explained by the court in *Harrison*, neither the fact that a defendant has been awarded disability payments, nor the fact that he may have difficulty in handling his business affairs, constitutes a sufficient basis for requiring a competency hearing. Second, in the instant case, petitioner also claims that he was incompetent at the time of the offenses—relying on his social security disability status, which does not trigger a competency hearing. Therefore, we conclude that the circuit court did not abuse its discretion in rejecting petitioner's claim that he should have been afforded a competency hearing pursuant to West Virginia Code § 27-6A-2.[12]

### III. The circuit court did not violate double jeopardy principles by sentencing petitioner twice for the same conduct.

Petitioner finally argues that the circuit court sentenced him twice for the same conduct. We find that the circuit court properly disposed of this claim by citing to Syllabus Point 9 of *State v. Gill*, 187 W.Va. 136, 416 S.E.2d 253 (1992), in which we held, as follows:

> W.Va. Code, 61–8D–5(a) (1988), states, in part: "In addition to any other offenses set forth in this code, the Legislature hereby declares a separate and distinct offense under this subsection[.]" Thus, the legislature has clearly and unequivocally declared its intention that sexual abuse involving parents, custodians, or guardians,

---

[11] Footnote omitted.

[12] We note that petitioner also asserts that he did not knowingly enter his guilty pleas because his competency should have been evaluated pursuant to West Virginia Code § 27-6A-2, due to his poor intellectual ability. As we have explained, petitioner had no right to a competency hearing under West Virginia Code § 27-6A-2. Furthermore, in the recent case of *State v. Holstein*, __ W.Va. __, __ S.E.2d __, No. 14-0086, Slip. Op. p. 19 (March 13, 2015), we rejected a defendant's claim that he did not intelligently and voluntarily enter his guilty plea due to an alleged diagnosis of bipolar disorder, finding that the defendant's plea colloquy met the requirements set forth in Syllabus Points 3, 4, and 5 of *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975). We noted that the record showed that the defendant (a) stated that the decision to plead guilty was his alone; (b) assured the circuit court that he understood the constitutional rights he was surrendering; and (c) gave answers to the circuit court that "were responsive and clear." *Id.* at 22. Based on our review of the record in this case, we find that petitioner's plea colloquy similarly satisfied *Call* because petitioner (a) testified that no person had promised him probation or alternative sentencing in exchange for his guilty pleas; (b) answered "yes, sir" as the circuit court explained each of the constitutional rights he was surrendering; and (c) communicated well with the circuit court throughout the plea colloquy. Accordingly, we conclude that the circuit court did not abuse its discretion in determining that petitioner's guilty pleas were valid.

W.Va. Code, 61–8D–5, is a separate and distinct crime from general sexual offenses, W.Va. Code, 61–8B–1, *et seq.,* for purposes of punishment.

Accordingly, we conclude that the circuit court did not abuse its discretion in rejecting this claim and in denying petitioner's habeas petition.

For the foregoing reasons, we find no error in the decision of the Circuit Court of McDowell County and affirm its May 2, 2014, order denying the petition.

Affirmed.

**ISSUED:** May 1, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

8